IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELA HERNANDEZ,<br><br>      Petitioner,<br><br>v.<br><br>ERIC WILLIAMS,<br><br>      Respondent. | Case No. 20-CV-709-SPM |

### MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Petitioner, Angela Herndandez, an inmate in the custody of the Federal Bureau of Prisons incarcerated at Greenville FCI, brings this habeas corpus action pursuant to 28 U.S.C. §2254. Petitioner is challenging her sentencing credit in 17-CR-235 in the United States District Court for the District of Nebraska.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. Rule 4 states in pertinent part, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

### PETITION

In her Petition for Writ of Habeas Corpus, Hernandez states, that she was told

1

by the sentencing judge that she was to receive credit for time spent in Cass County. (Doc. 6). Hernandez also attached the Judgment Order dated February 3, 2020, that included the dates for the credit at issue for her imprisonment, to the Petition. (Doc. 6, p. 10). Of note, Hernandez does not check any of the boxes on her Petition nor does she provide any information on any appeals, grievances or administrative remedies sought previously. (Doc. 6).

## ANALYSIS

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the duration of her confinement. *Prieser v. Rodriguez,* 411 U.S. 475 (1973); *Waletzki v. Keohane,* 13 F.3d 1079 (7th Cir. 1994). However, a petition under Section 2241 requires a federal prisoner to exhaust her administrative remedies or show cause why she has not done so before a court will adjudicate a petition for writ of habeas corpus. *Greene v. Meese,* 875 F.2d 639 (7th Cir., 1989). Exhaustion of administrative remedies is a prerequisite and it requires "complete exhaustion", even if the appeals process results in the denial of the requested relief. *Id.*

The Bureau of Prisons, under the Code of Federal Regulations, has guidelines for resolution. 28 C.F.R. § 542.13. The format starts informally, but then an inmate can submit a Request for Administrative Remedy. *Id.* Proper exhaustion requires that an inmate comply with the BOP's rules governing the administrative remedy process. *Woodford v. Ngo,* 548 U.S. 81 (2006).

As hereinbefore demonstrated, Hernandez does not indicate that she made any informal requests to BOP staff nor does it indicate that she sought an administrative remedy. (Doc. 6).

Without making any decision on the merits of Hernandez's claim, the Court must dismiss the habeas petition.  As such, Hernandez is informed of the following:

1. The Court is not making any decision on the merits of her claim; and

2. Hernandez may refile her claim once she has exhausted her administrative remedies or with proof that she already has complied and exhausted her administrative remedies.

## DISPOSITION

For the reasons set forth above, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Doc. 6) is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**Dated:** November 25, 2020

/s/ Stephen P. McGlynn
**STEPHEN P. McGLYNN**
**U.S. District Judge**